UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Stanley-Trafton Holdings, LLC,

Debtor

Chapter 11
Case No. 20-20389

## ORDER GRANTING CONDITIONAL STAY RELIEF

Roughly one week after the commencement of this chapter 11 case, Dr. Mara Underwood-Briskin filed a Motion for Relief from Stay [Dkt. No. 12] (the "Motion"). The Court has considered the Motion, the objection filed by the Debtor [Dkt. No. 22], and the parties' arguments at a preliminary hearing conducted on November 19, 2020. Dr. Underwood-Briskin alleges that stay relief is warranted under 11 U.S.C. § 362(d)(1) for "cause" because the Debtor filed the case in bad faith and because her interest in the real property owned by the Debtor is not adequately protected. She also contends that stay relief is warranted under 11 U.S.C. § 362(d)(2) because the Debtor lacks equity in the property and that property is not necessary to an effective reorganization. In her view, such reorganization is an impossibility.

Dr. Underwood-Briskin's arguments for relief from stay under section 362(d)(1) do not carry the day. Although she asserted a lack of adequate protection in her Motion, there was no attempt, either in the Motion or at the hearing, to develop that claim further. The collateral in question is real estate. The declaration of Matthew Pines, an insider of the Debtor, was attached to the Debtor's objection to the Motion. In that declaration, Mr. Pines avers, based on personal knowledge, that the collateral is not declining in value because the Debtor is maintaining it. That statement is generally consistent with the

testimony offered by Mr. Pines during a recent evidentiary hearing in the chapter 11 case of an affiliated entity, MPR Summers, Inc., Case No. 20-20388. The Debtor has met its burden of establishing adequate protection of Dr. Underwood-Briskin's interest in property of the estate, given (i) the type of collateral involved (*i.e.*, real estate); (ii) the relatively short timeline for confirmation of plan or the commencement of payments in this case, *cf.* 11 U.S.C. § 362(d)(3); (iii) the Debtor's ability to pay the post-petition real estate taxes and insurance in a timely manner (or to cause those expenses to be paid); and (iv) Mr. Pines' testimony regarding steps being taken to preserve the collateral against the oncoming winter weather. Further, the Debtor has persuaded the Court that its chapter 11 petition was not filed in bad faith. The connections between this case and the chapter 11 case of MPR Summers take this case outside of the existing caselaw on "two party disputes." As a result, the Debtor has met its burden with respect to this argument for "cause" under 11 U.S.C. § 362(d)(1). But this does not doom the Motion to fail.

There is no dispute that the Debtor lacks equity in the property.[1] And the Debtor did not meet its burden of demonstrating that the property is "essential for an effective reorganization *that is in prospect*." See United Savs. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., 484 U.S. 365, 375-76 (1988) (interpreting section 362(d)(2)(B)); *see also* 11 U.S.C. § 362(g)(2) (allocating burdens of proof under section 362(d)). When the Court asked the Debtor to sketch out what its plan might look like, and when its plan might be filed, the Debtor's responses were equivocal. For this reason, some relief from

---

[1] Dr. Underwood-Briskin alleges, in the Motion, that she is owed approximately $2.87 million and that the collateral is worth $2.9 million. Using those numbers, there is a razor thin amount of equity. However, elsewhere in the Motion, Dr. Underwood-Briskin alleges that the Debtor "has no equity in the Property." [Dkt. No. 12, ¶ 44.] In addition, the Debtor asserts that the real estate is valued at $2.3 million, *see* [Dkt. No. 18], and at the hearing on the Motion, Dr. Underwood-Briskin asserted that the value of the property lies between $2.3 million and $2.9 million.

stay is warranted, but not in the form requested by Dr. Underwood-Briskin. *See* 11 U.S.C. § 362(d) ("On request of a party in interest and after notice and a hearing, the *court shall grant relief from the stay . . . such as by* terminating, annulling, modifying, or *conditioning such stay . . . .*") (emphasis added). Instead, the continuation of the automatic stay is conditioned upon the Debtor, no later than December 23, 2020: (i) filing either a plan and disclosure statement or a plan containing adequate disclosures; and (ii) setting a hearing on the disclosure statement (or the plan containing adequate disclosures) for the earliest possible hearing date that will afford parties in interest the requisite amount of notice. If the Debtor fails to comply with this schedule, then the automatic stay will be terminated as to Dr. Underwood-Briskin on December 24, 2020.

    This order does not prejudice, in any way, the right of Dr. Underwood-Briskin to request relief from stay under 11 U.S.C. § 362(d)(3) if she believes, at some point in the future, that she is entitled to such relief, or the right of the Debtor (or any other party in interest) to oppose any such request.

Dated: November 24, 2020

                                            Michael A. Fagone
                                            United States Bankruptcy Judge
                                            District of Maine